**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES ALEXANDER DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1620 (RC) |
| ) | |
| ) | |
| UNITED STATES ) | |
| OF AMERICA *et al*., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff is a prisoner at the Federal Correctional Institution in Seagoville, Texas. He was convicted in the United States District Court for the Western of North Carolina of filing false income tax returns and obstructing the administration of federal tax laws. *United States v. Davis*, 539 Fed. Appx. 279, 280 (4th Cir. 2013) (per curiam). In this case captioned: "Action of Trepass and Bivens Action Pursuant to Title 28 US Code, § 1331," plaintiff sues the United States, an unnamed United States Attorney, and "3 Unknown Agents." Compl. Caption. Plaintiff alleges, among a host of wrongs stemming from his convictions, that the "criminal indictment filed by the United States of America, by and through the United States Attorney is filed without being supported by oath or affirmation," and that the "verdict is void because the court had no jurisdiction pursuant to Federal law[.]" Compl. at 2, 12. Plaintiff seeks (1) a declaration that the defendants lack jurisdiction to enforce the statutes under which he was convicted; (2) injunctive relief in the form of an order to cease and desist all enforcement activities and to compel his

1

release from incarceration, *id*. ¶¶ 139-44; and (3) money damages in the amount of $1,000 "per minute for each minute of incarceration," *id*. ¶ 138.

Defendants move to dismiss pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defs.' Mot. to Dismiss, ECF No. 6.  Because the *Bivens* claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1984), and the United States enjoys sovereign immunity, the Court grants defendants' motion for the reasons explained below.[1]

### I.  LEGAL STANDARDS

1.  <u>Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction . . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  It is the plaintiff's burden to establish that the court has subject matter jurisdiction.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the Court's power to hear a claim, the Court must give the plaintiff's factual allegations closer scrutiny than would be required in deciding a Rule 12(b)(6) motion for failure to state a claim.  *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  Thus, the Court is not limited to the allegations contained in the complaint.  *See Wilderness Soc'y v. Griles*, 824 F. 2d 4, 16 n.10 (D.C. Cir. 1987).

---

[1]  The Court will not address defendants' valid argument for dismissal under Rule 12(b)(3) for improper venue.  *See* Defs.' Supp'g Mem. at 5-7, ECF No. 6-1.  Should plaintiff satisfy *Heck v. Humphrey's* "habeas-channeling rule," *Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 663 (D.C. Cir. 2013), the proper venue for his *Bivens* action would be a judicial district in North Carolina, which is where the offending defendants are located and the alleged wrongdoing occurred.  *See* 28 U.S.C. § 1391(b) (general venue provision for bringing civil actions).

2. <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

It is not necessary for the plaintiff to plead all elements of a prima facie case in the complaint.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010).  Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555.

## II. DISCUSSION

1. Sovereign Immunity

Sovereign immunity shields the federal government and its agencies from suit and is "jurisdictional in nature." *American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (other citations omitted). The government may waive immunity, but such a waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). To survive a motion to dismiss under Rule 12(b)(1), "[t]he plaintiff bears the burden of establishing both the court's statutory jurisdiction and the government's waiver of its sovereign immunity." *American Road & Transp. Builders Ass'n*, 865 F. Supp. 2d at 80 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003); *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006)).

The basis of plaintiff's claim against the United States is neither stated nor apparent. *Bivens* establishes a cause of action for damages against a federal employee in his or her individual capacity for constitutional violations. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). "For people in Bivens' shoes, it is damages or nothing." *Bivens*, 403 U.S. at 410. The United States has not consented to be sued for damages based on constitutional violations, *Meyer*, 510 U.S. at 476-78, and therefore is not subject to suit under *Bivens*. In addition, defendants argue correctly that to the extent plaintiff is suing under the Federal Tort Claims Act ("FTCA"), which does waive the sovereign's immunity as to certain

enumerated claims for money damages, the Act "expressly exempts claims arising from the assessment or collection of taxes." Defs.' Mem. at 10 (citing 28 U.S.C. § 2680(c)).  Even if an FTCA claim were appropriate under the circumstances, plaintiff has failed to show that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency[,]" 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional.  *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction").  Hence, as to the United States, the Court will grant defendants' motion to dismiss under Rule 12(b)(1).

    2. *Bivens* Claim

The gravamen of the prolix complaint is a challenge to the sentencing court's jurisdiction and the validity of plaintiff's convictions.  *See* Compl. at 12 (claiming that "since there has never been an assessment, the IRS has never identified statutes and implementing regulations authorizing them to charge me with violations [of certain Tax Code provisions]").  If plaintiff were to prevail, his convictions could not stand.  In fact, plaintiff's complaint demands his immediate release.  Compl. ¶ 139.  Consequently, the claims presented in this case are not cognizable absent a showing that the convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[2]  *Heck*, 512 U.S. at 486–87 (citation omitted).  The *Heck* bar applies to suits for damages or equitable relief.  *Harris*

---

[2] Plaintiff did not prevail on direct appeal, *see United States v. Davis*, 539 Fed. Appx. 279, 280, 284 (4th Cir. 2013) (per curiam) (rejecting, *inter alia*, plaintiff's "frivolous argument" that "the indictment is not bona fide or that the government knowingly filed a document that is not what it purports to be"), and he improperly applied for habeas relief in this Court.  *See Davis v. United States*, No. 14-1619, 2014 WL 5530122 (D.D.C. Nov. 3, 2014) (dismissing plaintiff's habeas action without prejudice to filing motion under 28 U.S.C. § 2255 in the sentencing court). .

5

*v. Fulwood*, --- Fed.Appx. ---, 2015 WL 3370277, at *1 (D.C. Cir. Apr. 21, 2015) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)); *see also Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) ("As to Williams' claim for injunctive and declaratory relief, it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring such an action.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc)).

Defendants contend that "since [p]laintiff attempts to challenge his judgment of conviction both directly and indirectly, his complaint must be dismissed for lack of subject matter jurisdiction." Defs.' Mem. at 8. But the Court of Appeals has made clear that "the dismissal of a section 1983 [or *Bivens*] lawsuit . . . based on prematurity under *Heck v. Humphrey* is for failure to state a claim[.]" *In re Jones*, 652 F.3d 36, 38 (D.C. Cir. 2011). Hence, the Court will dismiss the *Bivens* claim under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

DATE: July 14, 2015